UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

Steven Williams,

                    Plaintiff,           14 Civ. 4390 (JGK)

        - against -              MEMORANDUM OPINION AND
                                        ORDER OF SERVICE

Rosenblatt Securities, Inc., et, al.,

                   Defendants.
————————————————————————————

JOHN G. KOELTL, District Judge:

     The plaintiff brings this pro se action pursuant to the Dodd-Frank Act, 15 U.S.C. § 78u-6(h), alleging that Rosenblatt Securities, Inc., ("Rosenblatt Securities") subjected him to mental and emotional abuse and harassment because he reported financial fraud to the United States Securities Exchange Commission ("SEC").  The plaintiff's Amended Complaint may also be construed as raising a claim against Rosenblatt Securities under the Stored Communications Act, 18 U.S.C. § 2701, because the Amended Complaint alleges that Rosenblatt Securities accessed the plaintiff's emails without his authorization. Additionally, the plaintiff raises state-law claims against several Rosenblatt Securities employees, a psychiatrist who treated him, and the New York Stock Exchange ("NYSE").  By order dated June 20, 2014, the Court granted the plaintiff's request to proceed in forma pauperis.

I.

The Court has the authority to screen <u>sua</u> <u>sponte</u> an IFP complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); <u>see</u> <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe <u>pro</u> <u>se</u> pleadings liberally, <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to "raise the strongest [claims] that they <u>suggest</u>," <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (citations and internal quotation marks omitted).

II.

The plaintiff alleges that Rosenblatt Securities and its employees retaliated against him and harassed him, and that he was eventually fired for reporting misconduct to the SEC. According to the plaintiff, Richard Rosenblatt, Executive Governor of the NYSE, unlawfully banned him from the NYSE's trading floor.  In addition, the plaintiff claims that Jane Street Capital and Integral Derivatives advised other companies

not to hire him and that Dr. Henricks shared private medical information with Rosenblatt without his consent.

### III.

The plaintiff's claim against the NYSE must be dismissed under the doctrine of absolute immunity.  Because the NYSE "performs a variety of regulatory functions that would, in other circumstances, be performed by a government agency," Barbara v. N.Y. Stock Exch., Inc., 99 F.3d 49, 59 (2d Cir. 1996), and is subject to the SEC's regulatory requirements, the NYSE is entitled to absolute immunity for claims arising out of the performance of its regulatory and general oversight functions. D'Alessio v. N.Y. Stock Exch., Inc., 258 F.3d 93, 104 (2d Cir. 2001).

The plaintiff's claims against the NYSE are based on Rosenblatt's barring him from the NYSE.  (Am. Compl. ¶ 56.) Such conduct falls within the NYSE's regulatory function, and absolute immunity therefore bars any claims against the NYSE arising from performance of its regulatory function.  See Barbara, 99 F.3d at 59.  Accordingly, the plaintiff's claims against the NYSE are dismissed.  See 28 U.S.C. § 1915 (e)(2)(B)(iii).

**IV.**

To allow the plaintiff, who is proceeding <u>in forma</u> <u>pauperis</u>, to effect service on the remaining defendants through the U.S. Marshals Service, the Clerk of Court is instructed to send the plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant.  Within thirty days of the date of this Order, the plaintiff must complete a USM-285 form for each defendant and return each form to the Court.

If the plaintiff does not wish to use the Marshals Service to effect service, he must notify the Court in writing within thirty days of the date of this Order and request that a summons be issued directly to him.  If within thirty days, the plaintiff has not returned the USM-285 form or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

Upon receipt of the completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each defendant.

No matter what method of service the plaintiff chooses, he must effect service within 120 days of the date the summons is issued.  It is the plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and, if

4

necessary, to request an extension of time for service.  See
Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012).  If within
120 days of issuance of the summons, the plaintiff has not made
service or requested an extension of time in which to do so,
under Rules 4(m) and 41(b) of the Federal Rules of Civil
Procedure, the Court may dismiss this action for failure to
prosecute.  Finally, it is the plaintiff's obligation to
promptly submit a written notification to the Court if the
plaintiff's address changes, and the Court may dismiss the
action if the plaintiff fails to do so.


**CONCLUSION**

The Court dismisses the plaintiff's claims against the NYSE
on immunity grounds.  See 28 U.S.C. § 1915(e)(2)(B)(iii).  The
Clerk of Court is instructed to send the plaintiff one USM-285
form for each remaining defendant, so that each remaining
defendant may be served.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated:    New York, New York**
**          July 29, 2014**              _____/s/_____
                                              **John G. Koeltl**
                                      **United States District Judge**