**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**STEVEN A. WILLIAMS,**

                **Plaintiff,**          **14 Civ. 4390 (JGK)**

       - against -               **MEMORANDUM OPINION AND**
                                                  **ORDER**
**ROSENBLATT SECURITIES INC., ET AL.,**

                **Defendants.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

     By letter dated October 6, 2015 (ECF No. 160) the plaintiff requested permission to withdraw his claims against Integral Derivatives ("Integral") and Jane St. Capital ("Jane St."), as well as his claim for medical malpractice against Dr. Loraine Henricks ("Dr. Henricks") without prejudice. Before receiving the plaintiff's October 6 letter, by Opinion and Order dated October 7, 2015 (ECF No. 159), the Court had dismissed all of the claims against Integral, Jane St., and Dr. Henricks, except that the claims against Integral and Jane St. under the New York State Human Rights Law ("NYHRL") and the claim against Dr. Henricks for medical malpractice were dismissed without prejudice because the Court declined to exercise supplemental jurisdiction over those claims. The Court also directed the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure so that the plaintiff could take an immediate appeal from the Court's judgement as to those three defendants

1

and so that the plaintiff could proceed promptly in the state court on the claims dismissed without prejudice if he so chose. That Judgment was filed on October 9, 2015 (ECF No. 166). When the Court received the plaintiff's October 6 letter, the Court vacated the Rule 54(b) judgment so that it could obtain responses from the three affected defendants with respect to the plaintiff's application. Jane St. and Integral submitted responses objecting to the withdrawal of claims without prejudice. Dr. Henricks has not submitted any papers in response to the plaintiff's application.

The plaintiff did not file a notice of dismissal pursuant to Rule 41(a)(1). Instead, in his letter, the plaintiff requests the Court's permission to withdraw his claims and cites specifically to Rule 41(a)(2). "Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). Rule 41(a)(2) dismissals are at the district court's discretion. D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996). A voluntary dismissal should not be allowed when it would prejudice the defendants, and factors relevant in determining whether the defendant would be prejudiced include "the plaintiff's diligence in bringing the

2

motion; any undue vexatiousness on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Zagano, 900 F.2d at 14 (citations and quotation marks omitted); see also D'Alto 100 F.3d at 283.

    The Zagano factors militate against granting the plaintiff's motion to dismiss certain claims without prejudice. This case has proceeded for about 16 months and the Court considered extensive motions directed against the plaintiff's fourth amended complaint. For all of the reasons explained in the Court's October 7 opinion, the plaintiff has failed to state a federal claim against these three defendants and has not suggested that there is a viable federal claim against them. Furthermore, four amendments to a complaint are more than sufficient. The defendants were required to file extensive motions to dismiss. It would be unfair for the plaintiff simply to withdraw without prejudice claims that he was unable to pursue in response to the motions to dismiss and to subject the affected defendants to the possibility that the plaintiff will reassert the same claims. See Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) ("[A] party should not be permitted to avoid the prospect of an adverse

3

decision on a dispositive motion by dismissing a claim without prejudice."); see also Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996).

Any further efforts to plead such federal claims would not be made in good faith. The plaintiff's application to withdraw his federal claims against Integral and Jane St. without prejudice is denied. See generally Comunidad Autonoma del Pais Vasco v. Am. Bureau of Shipping, Inc., No. 04cv671 (LTS)(RLE), 2006 WL 2254958, at *4 (S.D.N.Y. Aug. 4, 2006); Pac. Elec. Wire & Cable Co. v. Set Top Int'l, Inc., No. 03cv9623 (JFK), 2005 WL 578916, at *6 (S.D.N.Y. Mar. 11, 2005); Galasso, 310 F. Supp. 2d at 572. The Court has already ruled that it would dismiss the medical malpractice claim against Dr. Henricks and the NYHRL claims against Integral and Jane St. without prejudice. By doing so the Court has carefully preserved the plaintiff's rights to proceed on these claims in state court.

There is no basis to alter this Court's October 7 Opinion and Order. The federal claims against Integral, Jane St., and Dr. Henricks are dismissed with prejudice. The NYHRL claims against Integral and Jane St. and the medical malpractice claim against Dr. Henricks are all dismissed without prejudice.

   The Clerk is directed to close Docket No. 160 and reinstate the October 9 Judgement.


**SO ORDERED**

**Dated:**    **New York, New York**
          **October 27, 2015**

                              _____/s/_____
                                   **John G. Koeltl**
                              **United States District Judge**

5