```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------
STEVEN A. WILLIAMS,

               Plaintiff,        14 Civ. 4390 (JGK)

     - against -          **MEMORANDUM OPINION AND ORDER**

ROSENBLATT SECURITIES INC., ET AL.,

               Defendants.
------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff has filed a letter dated January 11, 2016. (ECF No. 209.) In that letter, the plaintiff seeks leave to file a subpoena on the District Attorney's Office and to file a complaint alleging various state law claims against Dr. Loraine Henricks ("Dr. Henricks"). For reasons explained below, these applications are **denied**.

    The plaintiff asks for leave to file a subpoena on the District Attorney's Office for documents and the testimony of an Assistant District Attorney and an NYPD Detective. The District Attorney's Office opposes the application as premature. The application is denied. In other currently pending papers, the plaintiff seeks the opportunity to file a Fifth Amended Complaint and it would be premature to start discovery before the plaintiff has finished pleading his claims. The District Attorney's Office also correctly points out that there would be substantial privilege issues created by the type of broad

discovery that the plaintiff seeks. See In re Dep't of Investigation of City of New York, 856 F.2d 481, 483-84 (2d Cir. 1988). At this point, the plaintiff's application to issue the subpoena is denied without prejudice as premature.

The plaintiff also requests the Court's permission to assert various state law claims against Dr. Henricks. The Court previously dismissed the federal claim against Dr. Henricks and declined to exercise jurisdiction over the remaining state law claims against Dr. Henricks. Williams v. Rosenblatt Sec. Inc., No. 14-CV-4390 (JGK), 2015 WL 5834982, at *15 (S.D.N.Y. Oct. 7, 2015). The Court also found that the plaintiff should not be permitted to file an amended complaint against Dr. Henricks in this action in this Court because the plaintiff had already had four opportunities to do so. Id. at 16.

Dr. Henricks' counsel opposes the plaintiff's current letter application and points out that Dr. Henricks is no longer a party to this case and that the plaintiff has made no proper application. (ECF No. 216.) Counsel for Dr. Henricks is correct. A letter is not the proper procedure to file claims in this Court. The Court already denied the plaintiff's application to file an amended complaint in this action against Dr. Henricks. The letter essentially asks the Court to reconsider its prior decision, but it is not a proper motion for reconsideration, and the time for filing such a motion has long since passed. See

2

Local Rule 6.3; Otto v. Town of Washington, 71 F. App'x 91, 92 (2d Cir. 2003) (summary order).

    The plaintiff could file an action against Dr. Henricks in state court, or could file a new action in this court by filing a summons and complaint. Dr. Henricks would then have the opportunity to raise all available defenses. The plaintiff's letter application is denied.

    The Clerk is directed to close Docket No. 209.

**SO ORDERED.**

**Dated:**    **New York, New York**
            **January 25, 2016**

                                  _____/S/_____
                                     **John G. Koeltl**
                              **United States District Judge**