UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

STEVEN A. WILLIAMS,

                    Plaintiff,              14-CV-4390 (JGK)

        - against -                         MEMORANDUM OPINION AND
                                            ORDER
ROSENBLATT SECURITIES INC., ET AL.,

                    Defendants.
────────────────────────────────

JOHN G. KOELTL, District Judge:

    The plaintiff, a former securities strategist briefly
employed by Rosenblatt Securities Inc. ("RSI"), filed this
lawsuit pro se alleging numerous claims against various parties.
By Opinion and Order dated October 7, 2015, this Court dismissed
all claims against all defendants, except for claims under Dodd-
Frank whistleblower protection provisions, the Americans with
Disabilities Act ("ADA"), and the New York State Human Rights
Law ("NYSHRL") against RSI and several RSI officers and
employees[1] (collectively the "RSI Defendants"). Williams v.
Rosenblatt Sec. Inc., No. 14-CV-4390 (JGK), 2015 WL 5834982, at
*21 (S.D.N.Y. Oct. 7, 2015). In the same Opinion and Order, the
Court denied the plaintiff's application for a preliminary
injunction. Id.

───────────────────

[1] The named RSI officers and employees are Richard Rosenblatt,
Joseph Gawronski, Gordon Charlop, Charles Roney, Justin Schack,
Joseph Benanti, Scott Burrill, Gary Wishnow, and Alex Kemmsies.

The plaintiff has now filed a torrent of various applications. On October 6, 2015, the plaintiff filed a motion for "joinder," which in fact is a motion to file a fifth amended complaint to assert additional claims against the RSI Defendants. The Court received this filing on October 8, 2015 and did not consider it in connection with its October 7 Opinion and Order.

On October 13, 2015, the plaintiff filed a motion for reconsideration of the Court's order denying his application for a preliminary injunction. In the same motion, the plaintiff also moved for sanctions and sought a default judgment against the RSI Defendants, and in the alternative, for summary judgment "as a last resort." (ECF No. 171.) On November 23, 2015, the plaintiff filed a motion (ECF No. 192) to strike an affidavit by Richard Rosenblatt ("Rosenblatt") (ECF No. 150, "Rosenblatt Affidavit") submitted by RSI in opposition to the plaintiff's application for a preliminary injunction. On the next day, the plaintiff filed a motion (ECF No. 195) that reiterated his request to strike the Rosenblatt Affidavit (ECF No. 150), moved for various sanctions against RSI, and requested oral argument. The RSI Defendants filed opposition papers to these motions and submitted an affidavit by Charles Roney ("Roney") (ECF No. 197-1, "Roney Affidavit") in support of their position. The

plaintiff subsequently filed a motion (ECF No. 200) to strike the Roney Affidavit and its exhibits.

On January 14, 2016, the plaintiff filed a motion for an order to show cause (ECF No. 212) and a separate motion (ECF No. 213) for sanctions and a default judgment against RSI and its counsel, alleging that the RSI Defendants improperly filed ex parte communications and made misrepresentations to the Court during the course of submitting courtesy copies of fully briefed motions to the Court.

On January 19, 2016, the plaintiff filed a motion (ECF No. 219) for sanctions and to hold Rosenblatt and Andrew Goodman ("Goodman"), the counsel for the RSI Defendants, in contempt pursuant to Federal Rules of Civil Procedure 56(h) for submitting the Rosenblatt Affidavit in bad faith. On the same day, the plaintiff filed another motion (ECF No. 220) for sanctions and to hold Goodman in contempt, alleging that the Roney Affidavit (ECF No. 197-1) was a sham affidavit.

On January 28, 2016, the plaintiff filed a motion (ECF No. 228) to disqualify Goodman and the law firm Garvey Schubert Barer as counsel for the RSI Defendants.

The Court held arguments on all pending motions in the afternoon of February 9, 2016. In the morning of that day, the plaintiff filed yet another motion (ECF No. 235) to "join

claims" to the Fourth Amended Complaint. The plaintiff did not
refer to this motion during the argument held that afternoon.

These motions will be discussed in turn. For the purposes
of these motions, the Court has already set forth the relevant
facts and the procedural background in its prior opinion,
familiarity with which is assumed. See Williams, 2015 WL
5834982, at *2-5.


**I.**

We begin with some of the procedural motions made by the
plaintiff. As a preliminary matter, the plaintiff argues in his
motion for reconsideration that the Court erroneously relied on
the Rosenblatt Affidavit (ECF No. 150) when denying the
plaintiff's application for a preliminary injunction. The
plaintiff subsequently moved by a separate motion (ECF No. 192)
to strike the Rosenblatt Affidavit, contesting its veracity and
relevance.

The plaintiff cites no legal authority in support of his
motion to strike, and affidavits can be considered in connection
with a motion for a preliminary injunction. "The strict rules of
evidence do not apply to a hearing on a motion for a preliminary
injunction," and a court may consider evidence that is otherwise
inadmissible. Zeneca Inc. v. Eli Lilly & Co., No. 99-CV-1452
(JGK), 1999 WL 509471, at *2 (S.D.N.Y. July 19, 1999); see also

Sierra Club, Lone Star Chapter v. F.D.I.C., 992 F.2d 545, 551 (5th Cir. 1993) (holding that at the preliminary injunction stage, the district court may rely on otherwise inadmissible evidence, including hearsay evidence).

The Rosenblatt Affidavit appropriately related to issues in connection with the plaintiff's application for a preliminary injunction. Portions of the affidavit stated that RSI terminated the plaintiff's employment for causes other than retaliation (Rosenblatt Aff. ¶ 4, ECF No. 150), that Rosenblatt had never asked the New York Stock Exchange ("NYSE") to exclude the plaintiff (id. ¶ 5), and that RSI had done nothing to impede any employment for the plaintiff (id. ¶ 6, Exs. D, E). These statements relate to the plaintiff's likelihood of success in this case. The rest of the affidavit related to the balance of equities (id. ¶¶ 2, 3, Exs. A, B, C). Therefore, the Rosenblatt Affidavit was relevant to the motion for a preliminary injunction and should not have been stricken. See Am. Civil Liberties Union v. Clapper, 804 F.3d 617, 622 (2d Cir. 2015) (citing Winter v. NRDC, 555 U.S. 7, 20 (2008)).

The plaintiff argues that the Rosenblatt Affidavit contains "material misstatement and omission of fact." (Pl.'s Mot. to Strike Rosenblatt's Aff. at 1, ECF No. 192.) However, nothing in the plaintiff's submissions substantiates that charge, and the Court considered all of the plaintiff's submissions. The

plaintiff cannot prevail by questioning the veracity of sworn declarations submitted in opposition to his statements and ask that the Court consider only his statements. The plaintiff's motion to strike is therefore **denied**.

To the extent that the plaintiff also moves for sanctions against the RSI Defendants, this motion for sanctions is also **denied** because there is no evidence of bad faith or misconduct. The plaintiff's January 19, 2016 motion (ECF No. 219) for sanctions and to hold Rosenblatt and Goodman in contempt is **denied** for the same reason.

The plaintiff, in his November 24 motion (ECF No. 195), requests that "[t]he Court should consider the other motions as withdrawn, moot, or whatever else is needed to ensure the outcome of this case is determined on the merits." This request is admittedly vague and unsupported by any legal authority. The plaintiff has not made a motion that would entitle him to substantive relief. In this motion, the plaintiff renews his motion to strike the Rosenblatt Affidavit, which is duplicative of the plaintiff's November 23 motion (ECF No. 192) that the Court has already denied.

By the November 24 motion, the plaintiff additionally moves pursuant to Fed. R. Civ. P. 37 to "exclude [RSI] from using Exhibits A, B, and C of Mr. Rosenblatt's affidavit (Document 150) as evidence on a motion, at a hearing, or at a trial" and

to render default judgment against RSI for certain claims. (ECF
No. 204 at 3.) Local Rule 37.2 provides that "[n]o motion under
Rules 26 through 37 inclusive of the Federal Rules of Civil
Procedure shall be heard unless counsel for the moving party has
first requested an informal conference with the Court by letter-
motion for a pre-motion discovery conference". Local Civil Rule
37.2. The plaintiff's failure to request such a conference
requires that his Rule 37 motion be denied. See, e.g.,
Meadowbrook-Richman, Inc. v. Associated Fin. Corp., 253 F. Supp.
2d 666, 680 (S.D.N.Y. 2003); Tri-Star Pictures, Inc. v. Unger,
171 F.R.D. 94, 100 (S.D.N.Y. 1997). Moreover, there is no basis
for rejecting those exhibits. The motion is therefore **denied.**

By the same November 24 motion the plaintiff also requests
that the Court "should accept Paragraphs 47a through 47q of the
Fourth Amended Complaint as uncontested and true for spoliation
of evidence." However, the defendants have disputed the
plaintiff's allegations. There is no basis for a default and no
evidence of spoliation thus far. The motion fails to specify any
document that was destroyed and there has been no evidence that
any relevant document that the RSI Defendants had an obligation
to preserve has been destroyed. This motion is **denied.**

The RSI Defendants included an affidavit by Charles Roney
in their opposition papers to the plaintiff's November 24
motions. The plaintiff subsequently filed a motion on December

8, 2015 (ECF No. 200) to strike the Roney Affidavit and its exhibits (ECF Nos. 197-1, 197-2, 197-3), and another motion on January 19, 2016 (ECF No. 220) to exclude the affidavit pursuant to Fed. R. Civ. P. 37. Because the Court has already denied the plaintiff's original motion, these motions are **denied as moot**. In any event, the Roney affidavit testified to RSI's regular practice and procedure of sending a copy of the relevant U-5 certificate to a terminated employee contemporaneously with filing. (ECF No. 197-1.) There is nothing improper for Roney, the Chief Compliance Officer of RSI, to testify about RSI's routine practice. See Fed. R. Evid. 406; cf. United States v. Roglieri, 700 F.2d 883, 886 (2d Cir. 1983). Furthermore, the Roney Affidavit is not, as the plaintiff contends, inconsistent with the Rosenblatt Affidavit. The Rosenblatt Affidavit does not support the plaintiff's allegation that RSI failed to send him a copy of an U-5 certificate when the certificate was filed with FINRA, and the Roney Affidavit further clarified this point. The plaintiff's motions are without merit and therefore are **denied.** To the extent the plaintiff also moves for sanctions against Goodman by these motions, the motions are also **denied** because there is no evidence of any misconduct or bad faith.

## II.

### A.

In the Opinion and Order dated October 7, the Court denied the plaintiff's application for a mandatory preliminary injunction. The Court concluded that the plaintiff had not made a showing of a clear and substantial likelihood of success on the merits. With respect to the plaintiff's Dodd-Frank whistleblower claims, the Court reasoned that the plaintiff had failed to show that he was terminated or harassed because of his report to the Securities and Exchange Commission ("SEC"). The Court also found that the plaintiff had failed to show extreme and very serious harm that would be irreparable in the absence of the requested injunction. The plaintiff moves for reconsideration of these aspects of the Court's ruling.

"The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. The Money Store, No. 03-CV-2876 (JGK), 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (internal quotation marks omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). "The standard for granting such a

motion is strict," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), and "[t]he moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." MBIA Ins. Corp. v. Patriarch Partners VIII, LLC, 842 F. Supp. 2d 682, 715 (S.D.N.Y. 2012). Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interest of finality. In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). In a motion for reconsideration, a party may not "advance new facts, issues or arguments not previously presented to the Court." Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) (citation omitted); see also Cummins v. SunTrust Capital Mkts., Inc., No. 07-CV-4633 (JGK), 2010 WL 985222, at *1 (S.D.N.Y. Mar. 17, 2010) aff'd, 416 F. App'x 101 (2d Cir. 2011).

The plaintiff cites no change of controlling law, but bases his motion on alleging new evidence and the need to correct a clear error or prevent manifest injustice. To support his arguments, the plaintiff submitted an affidavit with 21 exhibits. Four of the exhibits (ECF No. 172, Exs. O, P, Q, R) were previously included in the plaintiff's Reply Affidavit submitted in support of the original motion (ECF No. 155, Exs.

A, B, C, D). As the RSI Defendants point out, none of these exhibits contains new evidence. The plaintiff concedes this point in his reply and only argues that the evidence should be considered to prevent manifest injustice by refuting the Rosenblatt Affidavit. (ECF No. 191 at 3.) There is nothing in these exhibits that justifies reconsideration.

The plaintiff's remaining arguments are essentially that the Court erred in relying on the Rosenblatt Affidavit because the plaintiff's October 13 Affidavit refutes the Rosenblatt Affidavit. The RSI Defendants argue correctly that the plaintiff's October 13 affidavit (ECF No. 172) is not a basis for reconsideration because it was submitted in violation of Local Rule 6.3. Local Rule 6.3 provides that on a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court." Local Civil Rule 6.3. A motion for reconsideration is not the proper avenue for the submission of new material. Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc., 106 F. Supp. 2d 519, 520-21 (S.D.N.Y. 2000). When a party submits an affidavit in violation of Local Rule 6.3, the appropriate remedy is to strike the affidavit and disregard it. Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co., No. 08-CV-10518 (LAP), 2011 WL 1347001, at *1 (S.D.N.Y. Apr. 4, 2011) aff'd, 495 F. App'x 129 (2d Cir. 2012).

In any event, the plaintiff's October 13 affidavit does not support reconsideration of the denial of the motion for a preliminary injunction. The exhibits do not demonstrate that the plaintiff was terminated because of any complaints to the SEC or because of any perceived or actual disability. The exhibits also do not support the plaintiff's claim of irreparable injury and they do not show, as the plaintiff contends, that Rosenblatt submitted a false affidavit.

The plaintiff argues that the Court erred in concluding he had not shown irreparable harm because the Court overlooked the fact that he was forced to retake his licensing exams and cannot do so without employment in the securities industry. This is simply a new argument never raised before by the plaintiff, and therefore cannot be the basis for a motion for reconsideration. See Torres, 672 F. Supp. 2d at 348; Frieson v. City of New York, No. 11-CV-4611 (JGK), 2012 WL 2102055, at *1 (S.D.N.Y. June 11, 2012). In any event, this injury is not irreparable because the plaintiff can take the exam at any time he is employed in the securities industry.

The plaintiff also argues that the Court overlooked his allegation that his FINRA U-5 certificate was withheld for 84 days before he received it. The plaintiff first made this allegation in his reply to the RSI Defendants' opposition to preliminary injunction. (ECF No. 156 at 20.) Other than the

plaintiff's own testimony, the evidence at best shows that the U-5 was filed with FINRA on October 12, 2012, and that the plaintiff requested a copy in January, 2013. That the plaintiff requested and received a copy in January, 2013 does not disprove that a copy was sent to him on or about October 12, 2012. Even if proven, this is a past injury that would not justify injunctive relief. See Buckingham Corp. v. Karp, 762 F.2d 257, 263 (2d Cir. 1985).

Nothing in the plaintiff's new submissions justifies the issuance of a preliminary injunction. While the plaintiff reiterates that he believed there was a violation of the securities laws when he allegedly made a report to the SEC, the new submissions do not show that there was an objective basis for that belief. Indeed, he explains now that a case raising similar claims was dismissed and that the SEC declined to pursue his complaints. (ECF No. 172, Exs. A, C, D.) The plaintiff repeatedly says that the RSI Defendants concede these points, but they do not.

Moreover, there is no evidence that the plaintiff was terminated or harassed because of his report to the SEC. Indeed, the purported email correspondence (ECF No. 172, Ex. H) documents his abuse of another employee at the time, which in fact supports Rosenblatt's account that the plaintiff was terminated because of the plaintiff's abusive behavior.

In addition, the plaintiff still fails to show irreparable harm. Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (citations and quotation marks omitted). The plaintiff, in another submission, made the following representation to the Court: "My motion for preliminary injunction was deficient with regards to demonstrating irreparable harm. I am facing economic challenges, but can't justify submitted [sic] my motion as an emergency situation." (ECF No. 193.) As the plaintiff admits, with or without the new submissions, he has not met the burden of proving irreparable injury in the absence of the preliminary injunction, and his motion should be denied for this reason alone. See Lanvin Inc. v. Colonia, Inc., 739 F. Supp. 182, 192 (S.D.N.Y. 1990); see also Hilfiger v. Siegfried & Parzifal, Inc., No. 94-CV-0622 (JFK), 1994 WL 86398, at *3 (S.D.N.Y. Mar. 16, 1994).

**B.**

The plaintiff also asserts that his motion is a motion for default judgment. But there is no basis for default. The RSI Defendants have vigorously contested the plaintiff's allegations. (See, e.g., RSI Defendant's Answer, ECF No. 186.) There is no basis for sanctions against RSI or any of the RSI Defendants based on the Rosenblatt Affidavit. In fact, the

plaintiff has failed to identify any sanctionable conduct on the part of the RSI Defendants. The motion is **denied.**

The plaintiff also alleges that his motion is a motion for summary judgment. There is no basis for summary judgment for the plaintiff. There are disputed issues of fact with respect to all of the elements of the plaintiff's claims. The plaintiff has failed to establish that he is entitled to summary judgment based on undisputed facts. Indeed the plaintiff failed to file a Rule 56.1 statement as required by Local Rule 56.1 setting forth the undisputed material facts. See Local Civil Rule 56.1. The motion is **denied.**

The plaintiff also moves, by an order to show cause (ECF No. 212) and a separate motion (ECF No. 213), for sanctions against RSI and its counsel and for a default judgment. The plaintiff argues that he did not receive a letter that was purportedly posted on ECF, and that the RSI Defendants made misrepresentations to the Court when they sent courtesy copies of fully briefed motions to the Court. The September 29 letter that the plaintiff allegedly did not receive contained nothing that could prejudice the plaintiff, and indeed was filed on ECF but may be unavailable due to technical failures. The RSI Defendants should refile that document on ECF. The Court has reviewed the courtesy copies submitted by the RSI Defendants, and nothing in those submissions consisted of misrepresentations

of any kind. It is clear that the RSI Defendant's opposition papers (ECF No. 185) were directed against the plaintiff's motion for "joinder" (ECF No. 162), and that motion was fully briefed. The RSI Defendants should continue to send to the Court courtesy copies of fully briefed motions pursuant to the Court's Individual Rule of Practice. The plaintiff's motions (ECF Nos. 212, 213) are **denied.**

**III.**

The plaintiff filed a motion for "joinder of claims and parties to claims." (ECF No. 162.) The motion is in fact a motion to file a Fifth Amended Complaint, although the plaintiff has not specifically included the purported complaint. The essence of what the plaintiff purports to do is to add claims under the ADA for discrimination based on a perceived disability of mental illness and retaliation for complaints about that discrimination, and claims under the NYSHRL and New York City Human Rights Law ("NYCHRL") for disability discrimination and retaliation against the RSI Defendants.

The RSI Defendants do not object to adding some of these claims, although they do object to adding the non-management RSI defendants and the claim for retaliation for complaining about disability discrimination because the plaintiff has not alleged sufficient facts to plead those claims. The difficulty is that

the plaintiff has not submitted a proposed complaint and therefore it is impossible to know precisely what the factual allegations are that the plaintiff seeks to rely on. It is similarly impossible to know what factual allegations the plaintiff seeks to rely on against the non-management RSI employees. Therefore, construing the motion as a motion to file a Fifth Amended Complaint against RSI and RSI employees, the motion is **granted without prejudice to the ability of those defendants to raise any defense in any answer or motion to dismiss.**

The plaintiff should file a Fifth Amended Complaint in which he sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The plaintiff should consult the Manual for Pro Se Litigants Appearing Before the United States District Court for the Southern District of New York for additional information regarding the requirements and procedures for filing an amended complaint.

This leave to file a Fifth Amended Complaint is leave to file a Fifth Amended Complaint that includes only the claims in the Fourth Amended Complaint that have not been dismissed and the new claims as set forth specifically in the motion for joinder of claims and parties to claims (ECF No. 162).

The plaintiff filed another motion (ECF No. 235) on February 9, 2016. This most recent motion seeks to "join claims" to the Fourth Amended Complaint. The motion is plainly improper. The plaintiff has already sought, and the Court is granting, the opportunity to file a Fifth Amended Complaint. Therefore, it makes no sense to add claims to the Fourth Amended Complaint. Moreover, the purported motion does not contain the exact pleading that the plaintiff is attempting to assert, which is one of the reasons that the Court provided the plaintiff the opportunity to file the Fifth Amended Complaint, limited as explained above.

However, it appears that the plaintiff is attempting to assert a claim for defamation. In the interests of efficiency and finality, any claims encompassed in the plaintiff's motion (ECF No. 235) may be included in the Fifth Amended Complaint that the Court has allowed the plaintiff to file. The defendants can then answer or move to dismiss any such claims. The motion to join claims is **denied without prejudice**.

### IV.

The plaintiff moves to disqualify Goodman and his firm as counsel for the RSI Defendants. "Motions to disqualify opposing counsel are viewed with disfavor because they impinge on parties' rights to employ the counsel of their choice." Fulfree

v. Manchester, 945 F. Supp. 768, 770 (S.D.N.Y. 1996) (citations omitted). A high standard of proof is required for disqualification motions because they are "often interposed for tactical reasons," and because "even when made in the best faith, such motions inevitably cause delay." Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92 (2d Cir. 1983) (citations and quotation marks omitted).

The plaintiff's motion to disqualify is without basis. The plaintiff argues that Goodman should be disqualified because he should be a material witness in this case. Rule 3.7 of the New York Rules of Professional Conduct provides in pertinent part that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." N.Y. R. Prof'l Conduct 3.7(a). The rule is commonly known as the witness-advocate rule. For the plaintiff to prevail on a motion to disqualify based on the witness-advocate rule where he allegedly intends to call his adversary's attorney, he must demonstrate both that the lawyer's testimony is necessary and that there exists a substantial likelihood that the testimony would be prejudicial to the witness-advocate's client. Goodwine v. City of New York, No. 15-CV-2868 (JMF), 2016 WL 379761, at *4 (S.D.N.Y. Jan. 29, 2016) (citations and quotation marks omitted).

In this case, the plaintiff argues that Goodman could testify about his observations of Rosenblatt's mental state. But the plaintiff has failed to explain why that testimony would be necessary, or indeed even admissible, and why it would not be readily available from other sources. Therefore, the plaintiff has not met the high burden of proof to prevail on a motion to disqualify. See Nelson v. Ulster Cty., No. 1:06-CV-1057 (GLS/RFT), 2007 WL 2288053, at *6 (N.D.N.Y. Aug. 7, 2007).

Moreover, the witness-advocate rule primarily concerns the trial process. See Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981) (disqualification warranted only in situations where there is a significant risk of trial taint). The rule does not bar counsel's participation in pre-trial proceedings. See Gormin v. Hubregsen, No. 08-CV-7674 (PGG), 2009 WL 508269, at *1 (S.D.N.Y. Feb. 27, 2009) (collecting cases). Therefore, there is no basis to disqualify Goodman from representation at this time. See id.

The plaintiff also argues that Goodman should be disqualified for ethical lapses, but the Court has already found that the plaintiff's charges of ethical lapses have not been substantiated. Finally, the plaintiff argues that Goodman and his firm should be disqualified because they have conflicts of interest, but no such conflicts have been substantiated.

Accordingly, the plaintiff's motion to disqualify is **denied**.

## CONCLUSIONS

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, all pending motions by the plaintiff are denied, except that the motion for joinder of claims and parties to claims is granted to the extent explained above. The Fifth Amended Complaint must be filed no later than March 11, 2016.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:     New York, New York**
**           February 16, 2016           _____/S/_____**
**                                            John G. Koeltl**
**                                       United States District Judge**