UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

STEVEN A. WILLIAMS,

                         Plaintiff,              14-CV-4390 (JGK)

          - against -                            MEMORANDUM OPINION AND
                                                 ORDER
ROSENBLATT SECURITIES INC., ET AL.,

                         Defendants.
─────────────────────────────────


JOHN G. KOELTL, District Judge:

     The plaintiff, a former securities strategist briefly

employed by Rosenblatt Securities Inc. ("RSI"), filed this

lawsuit pro se alleging numerous claims against various parties.

With leave of the Court, the plaintiff filed a Fifth Amended

Complaint ("FAC") on March 18, 2016. The defendants move to

dismiss portions of the complaint pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim. On May 23, 2016, the

plaintiff moved to file a Sixth Amended Complaint, to which the

defendants objected. These motions will be addressed in turn.


                              I.

     In deciding a motion to dismiss pursuant to Rule 12(b)(6),

the allegations in the complaint are accepted as true, and all

reasonable inferences must be drawn in the plaintiff's favor.

See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d

Cir. 2007). The Court's function on a motion to dismiss is "not

                              1

to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.; see also A'Gard v. Perez, 919 F. Supp. 2d 394, 398-99 (S.D.N.Y. 2013).

Where a pro se litigant is involved, the same standards for dismissal apply. Moreover, a "court should give the pro se litigant special latitude in responding to a motion to dismiss." Gaston v. Gavin, No. 97-CV-1645 (JGK), 1998 WL 7217, at *1 (S.D.N.Y. Jan. 8, 1998), aff'd, 172 F.3d 37 (2d Cir. 1998) (citations and quotation marks omitted). When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)

(citation and quotation marks omitted). However, "[e]ven in a pro se case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Springer v. U.S. Bank Nat'l Ass'n, No. 15-CV-1107 (JGK), 2015 WL 9462083, at *1 (S.D.N.Y. Dec. 23, 2015), appeal dismissed, (2d Cir. Apr. 6, 2016).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); see also A'Gard, 919 F. Supp. 2d at 399.

## II.

The Court has already set forth the facts and the procedural background of this case in its prior opinions, see Williams v. Rosenblatt Sec. Inc., No. 14-CV-4390 (JGK), 2016 WL 590232, at *1 (S.D.N.Y. Feb. 11, 2016); Williams v. Rosenblatt

3

Sec. Inc., No. 14-CV-4390 (JGK), 2015 WL 6509112, at *1
(S.D.N.Y. Oct. 28, 2015); Williams v. Rosenblatt Sec. Inc., 136
F. Supp. 3d 593, 599-600 (S.D.N.Y. 2015), familiarity with which
is assumed. In the Fifth Amended Complaint, the plaintiff made
additional allegations and added details to the allegations
contained in his previous complaints. The allegations contained
in the FAC will be discussed when relevant. The FAC asserts
seventeen separate claims against RSI and several RSI employees.
The defendants now move to dismiss (A) the twelfth through
seventeenth claims for failure to allege facts sufficient to
claim plausibly that the plaintiff was subject to a hostile
environment as a result of being perceived as mentally ill; (B)
the fifth, sixth, tenth and eleventh claims against all
individual defendants for aiding and abetting violations of the
Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et
seq.; (C) the fifth and sixth claims against defendants Joseph
Gawronski, Gary Wishnow, Alex Kemmsies, Scott Burrill, Gordon
Charlop, Justin Schack, Joseph Benanti, and Charles Roney for
aiding and abetting violations of the New York State Human
Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and the New
York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code § 8-101
et seq.; and (D) the tenth and eleventh claims against
defendants Burrill, Charlop, Schack, Benanti, and Roney for
aiding and abetting violations of the NYSHRL and the NYCHRL.

**A.**

The defendants move to dismiss the twelfth, thirteenth, and fourteenth claims, which allege a hostile work environment claim in violations of the ADA, the NYSHRL, and the NYCHRL against RSI and individual defendants Richard Rosenblatt, Gawronski, Wishnow, and Kemmsies. The defendants argue that the alleged harassment or mistreatment suffered by the plaintiff either did not arise from his being perceived as mentally ill, or to the extent arising from that cause, fell short of the objective severity required to sustain a claim of hostile work environment.

As a threshold matter, the Second Circuit Court of Appeals has not yet decided whether the ADA provides a basis for a hostile work environment claim. See Robinson v. Dibble, 613 F. App'x. 9, 12 n.2 (2d Cir. 2015) (summary order). For purposes of this motion, the Court will assume that a hostile work environment claim is cognizable under the ADA and will evaluate the plaintiff's hostile work environment claims under the ADA and the NYSHRL on the basis of disability under the Title VII standard. See Wesley-Dickson v. Warwick Valley Cent. Sch. Dist., 973 F. Supp. 2d 386, 405 (S.D.N.Y. 2013) (citations omitted), aff'd, 586 F. App'x 739 (2d Cir. 2014).

"Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh,

unjust, and rude. It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination." Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002). The defendants argue that because the plaintiff characterizes much of the adverse treatment he received as retaliation for his report to the Securities and Exchange Commission ("SEC"), he cannot claim that the same adverse treatment resulted from hostility to his perceived disability.

However, it is possible for the plaintiff to argue in the alternative for purposes of a complaint. See Fed. R. Civ. P. 8(d)(3); Gregory v. Daly, 243 F.3d 687, 701 n.12 (2d Cir. 2001). The plaintiff specifically alleges that starting the first week of June 2012 and continuing into September 2012, he suffered from a campaign of constant taunts and ridicule. During his employment at RSI, he was forced by Rosenblatt to undergo psychiatric counselling. (FAC ¶¶ 121, 179, 199). At various times he was called "dramatic," "mad," "crazy," or otherwise verbally abused, (FAC ¶¶ 8 at 3,[1] 17(c), 124, 131, 135, 136, 218(a)); he was constantly trivialized, shamed, ignored, or otherwise emotionally abused, (FAC ¶¶ 16, 17, 124); it was

---

[1] The FAC contained numbered paragraphs but the numbering starts from 1 through 65 and reverts to 1 again on page 15. To avoid confusion, the first 65 paragraphs will be cited with the relevant page number.

suggested that he move off the trading floor, (FAC ¶¶ 17, 106); and he was required to take psychotropic medication as a precondition to work on a consulting opportunity. (FAC ¶ 182.) The plaintiff also alleges that Rosenblatt, Gawronski, and Wishnow refused to investigate his complaints of abuse, harassment, and work sabotage because they regarded the plaintiff as being unreasonably disruptive as a result of his mental illness. (See FAC ¶¶ 17(a)-(c).) The plaintiff has sufficiently alleged that the defendants regarded him as mentally ill, and that his alleged adverse treatment was plausibly connected to the perceived mental illness.

The defendants also contend that the allegations fall short of the objective severity required for sustaining a claim of hostile work environment under the ADA or the NYSHRL. "In order to establish a hostile work environment claim . . . a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 20 (2d Cir. 2014) (citation and quotation marks omitted). To analyze a hostile work environment claim, a court looks to the record as a whole and "assess[es] the totality of the circumstances, considering a variety of factors

including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Wesley-Dickson, 973 F. Supp. 2d at 406 (citation and quotation marks omitted).

In this case, the plaintiff alleges that from June to September 2012 he suffered frequent insults and ridicule because of his perceived mental illness. (See, e.g., FAC ¶¶ 8 at 3, 16, 17(c), 124, 125, 131, 135, 136, 218.) Specifically, the plaintiff was insulted and humiliated when RSI employees allegedly called him a "mad scientist," "crazy," "dramatic," or when several individual defendants laughed in his face. (FAC ¶¶ 17(c), 218.) These mental disability related insults or abuses allegedly caused the plaintiff to be marginalized and isolated in the firm, and prevented him from collaborating with colleagues for whom his work might be useful. (FAC ¶ 218.) The plaintiff's complaints about work sabotage or inadequate support were allegedly dismissed as imaginary or dramatic because of his perceived mental illness, which in turn compromised his job performance. (See, e.g., FAC ¶¶ 8 at 3, 16, 17(c), 111, 112, 138, 141.) Taking these allegations as true and drawing inferences most favorable to the plaintiff, the Court cannot decide that these allegations fall short of objective severity.

The defendants cite Hodges v. Attorney General of the United States, 976 F. Supp. 2d 480 (S.D.N.Y. 2013); Tsang-Adler v. City of N.Y., No. 12-CV-394 (SJ)(MDG), 2013 WL 1563337 (E.D.N.Y. Apr. 12, 2013); and Kouakou v. Fideliscare New York, 920 F. Supp. 2d 391 (S.D.N.Y. 2012), as examples where the courts dismissed hostile work environment claims as a matter of law. The Hodges case is distinguishable because it was dismissed on a motion for summary judgement. 976 F. Supp. 2d at 484. In any event, none of these cases involved allegations of verbal abuses that extended over several months, or being disregarded when making work related complaints because of perceived mental illness, or being isolated and marginalized to the extent that ordinary work collaboration became difficult. These cases are inapposite.

Therefore, the twelfth, thirteenth, and fourteenth claims cannot be dismissed on the basis that they have failed to allege a violation of the ADA and the NYSHRL based on a claim of hostile work environment caused by hostility to the plaintiff's perceived mental disability. However, while individual defendants can be sued under the NYSHRL, only the employer can be sued under the ADA for a hostile work environment. Therefore, the ADA claims against the individual RSI defendants must be dismissed. See Vargas v. Reliant Realty, No. 13-CV-2341 (PGG),

2014 WL 4446165, at *9 (S.D.N.Y. Sept. 9, 2014), <u>appeal dismissed</u>, (2d Cir. Sept. 28, 2015).

The defendants also move to dismiss the hostile environment claim under the NYCHRL. The NYCHRL is intended to be more protective than its state and federal counterparts. <u>Farrugia v. N. Shore Univ. Hosp.</u>, 820 N.Y.S.2d 718, 724 (Sup. Ct. 2006). The "severity" and "pervasiveness" of the alleged harassment "are applicable to consideration of the scope of permissible damages, but not to the question of underlying liability." <u>Williams v. N.Y.C. Hous. Auth.</u>, 872 N.Y.S.2d 27, 38 (App. Div. 2009) (citation omitted). To overcome a motion to dismiss, a plaintiff "need only show differential treatment—that [he] is treated 'less well'—because of a discriminatory intent." <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 110 (2d Cir. 2013) (citation omitted); <u>see also</u> <u>Vaigasi v. Solow Mgmt. Corp.</u>, No. 11-CV-5088 (RMB)(HBP), 2014 WL 1259616, at *11 (S.D.N.Y. Mar. 24, 2014) (citation omitted).

The Court cannot decide on a motion to dismiss that the plaintiff's allegations fail to meet this relaxed burden under the NYCHRL. Although the plaintiff does not explicitly allege that he was treated less well than other employees, it is a reasonable inference that the Court may draw from the allegations of constant verbal abuses, intentional neglect of complaints, and workplace isolation. The defendants' motion to

dismiss the twelfth, thirteenth, and fourteenth claims is therefore denied, except that the ADA claims against the individual RSI defendants are dismissed.

### B.

The defendants also move to dismiss the complaint in its entirety against defendants Burrill, Charlop, Schack, Benanti, and Roney, and to dismiss the fifth and sixth claims against Gawronski, Wishnow, and Kemmsies. They argue that the claims against these individual defendants for aiding and abetting liabilities fail because the plaintiff has not alleged any actual participation by these defendants in the alleged discriminatory conduct.

The complaint asserts aiding and abetting liabilities against Burrill, Charlop, Schack, Benanti, and Roney for causing an unlawful medical examination (the fifth and sixth claims), unlawful disclosure of medical information (the tenth and eleventh claims), and hostile work environment (the fifteenth, sixteenth, and seventeenth claims). "Both [the NYSHRL and the NYCHRL] provide that an employee may be held liable for aiding and abetting a discriminatory act if he or she <u>actually participates</u> in the conduct giving rise to a discrimination claim." <u>Tulino v. City of N.Y.</u>, No. 15-CV-7106 (JMF), 2016 WL 2967847, at *5 (S.D.N.Y. May 19, 2016) (emphasis added)

(citation and quotation marks omitted); see also N.Y. Exec. Law § 296(6); N.Y. City Admin Code § 8-107(6). The complaint is devoid of any non-conclusory allegation regarding any direct involvement by Burrill, Charlop, Schack, Benanti, or Roney in the alleged medical inquiry, disclosure of medical information, or the campaign to harass, neglect, and isolate the plaintiff. It similarly fails to allege any direct involvement by Wishnow or Kemmsies in the allegedly unlawful medical inquiry. The plaintiff alleges that these defendants were "consulted," "aware," or "supportive" of the discriminatory conduct alleged in the complaint. (FAC ¶¶ 199, 203, 211, 222.) But these allegations are no more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" that are insufficient for the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Frydman v. Verschleiser, No. 14-CV-08084 (JGK), 14-CV-05903 (JGK), 2016 WL 1128203, at *16 (S.D.N.Y. Mar. 22, 2016).

Although "a supervisor's failure to take adequate remedial measures in response to a complaint of discrimination has been deemed actual participation under the NYSHRL," Parra v. City of White Plains, 48 F. Supp. 3d 542, 555 (S.D.N.Y. 2014) (citation and quotation marks omitted), the plaintiff has not made any specific, non-conclusory allegation of any awareness by Burrill, Charlop, Schack, Benanti, or Roney, let alone any complaints

submitted to these defendants, regarding the alleged medical inquiries, disclosure of medical information, or hostile environment. The mere fact that these officers occupy high positions of authority is not a basis for imposing aiding and abetting liability. See Westbrook v. City Univ. of N.Y., 591 F. Supp. 2d 207, 224 (E.D.N.Y. 2008). The fifth, sixth, tenth, eleventh, fifteenth, sixteenth, and seventeenth claims are therefore dismissed to the extent they assert aiding and abetting liability under the NYSHRL or the NYCHRL against Burrill, Charlop, Schack, Benanti, and Roney. Because the complaint similarly fails to allege any actual participation or awareness by Wishnow and Kemmsies of the alleged medical inquiries, the fifth and sixth claims are dismissed to the extent they assert aiding and abetting liability under the NYSHRL or the NYCHRL against Wishnow and Kemmsies.

The plaintiff has made specific allegations that Gawronski directly participated in imposing on the plaintiff a condition of psychiatric treatment for a consulting opportunity. (FAC ¶¶ 182, 202.) Therefore, the claims asserted in the fifth and sixth claims for aiding and abetting liability under the NYSHRL and the NYCHRL against Gawronski cannot be dismissed at this time.

Because there is no personal liability under the ADA, see Vargas, 2014 WL 4446165, at *9, all of the plaintiff's claims must be dismissed to the extent they assert claims for

individual liability under the ADA against any of the individual RSI defendants.

### III.

In the opposition to the present motion to dismiss, the plaintiff seeks to add Rosenblatt and Gawronski as defendants on the third and fourth claims, and also to add Rosenblatt, Gawronski, and Wishnow as defendants on the eighth and ninth claims. Each of those claims is asserted only against RSI, and RSI has not moved to dismiss those claims. Opposition to a motion to dismiss is not a proper means to assert new claims or add additional parties. See, e.g., Mathie v. Goord, 267 F. App'x. 13, 14 (2d Cir. 2008) (summary order) (holding new claims presented in opposition to motion to dismiss was rightfully rejected by district court). The Court therefore declines to deem those claims as asserted in the FAC.

To the extent that the papers could be construed as a motion to amend the complaint for a sixth time, the motion is denied. Although leave to amend a pleading shall be "freely give[n]. . . when justice so requires," Fed. R. Civ. P. 15(a)(2), valid grounds for denying leave to amend include undue delay, undue prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, and futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962);

Mackensworth v. S.S. Am. Merch., 28 F.3d 246, 251 (2d Cir. 1994). Generally, the "grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Sanders v. Venture Stores, Inc., 56 F.3d 771, 773 (7th Cir. 1995) (quoting Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)); see also Springer, 2015 WL 9462083, at *12.

This action was commenced more than two years ago on June 4, 2014. On February 11, 2016, the Court granted leave for the plaintiff to file a Fifth Amended Complaint by March 11, 2016. On March 11, 2016, the plaintiff moved for a one-week extension of time to file the Fifth Amended Complaint, so that he may "triple check that [he had] sufficiently asserted facts necessary to state [his] claims." (ECF No. 243.) The Court granted that extension. The plaintiff has had six opportunities to assert his claims, and more than sufficient time to draft his current amended complaint. See, e.g., Weinstein v. Appelbaum, 193 F. Supp. 2d 774, 782 (S.D.N.Y. 2002) ("Four bites at the apple are more than sufficient."). Any motion by the plaintiff to amend the complaint further is the product of undue delay and will cause further unjustified delay in this case. The effort to delay discovery further and cause yet more motion practice is not in good faith and will result in further expense for the defendants. The motion to amend the complaint is denied.

On May 23, 2016, the plaintiff filed a motion for leave to
file a Sixth Amended Complaint. The defendants object to the
filing of a Sixth Amended Complaint ("SAC"). They point out that
the plaintiff's motion is procedurally defective because,
contrary to Local Civil Rule 7.1(a)(2), it fails to include a
supporting memorandum. This failure, standing alone, is
sufficient ground for denying a motion. See Cea v. Access 23 TV,
No. 11-CV-3791 (NSR), 2015 WL 5474070, at *1 (S.D.N.Y. Sept. 15,
2015); Avillan v. Donahoe, No. 13-CV-509 (PAE), 2015 WL 728169,
at *6 (S.D.N.Y. Feb. 19, 2015). But it is actually the least of
the reasons to deny this motion.

The plaintiff's motion is docketed as ECF No. 260. That
filing includes a proposed SAC that spans more than 160
unnumbered pages and more than 600 erroneously numbered
paragraphs. The SAC now contains twenty-eight claims compared to
the seventeen claims in the FAC. The filing also includes a
three-page notice that initially was not included on the ECF due
to technical failures. In the notice the plaintiff briefly cites
to the general legal standard and apologizes for the length of
the SAC. The notice does not specify what changes were made from
the FAC to the proposed SAC, and does not explain how the new
amendments cure prior deficiencies in pleadings.

A review of the proposed SAC reveals that it includes tens
of pages of additional factual allegations regarding an alleged

hostile work environment, and asserts retaliation claims under the NYSHRL and the NYCHRL. The defendants argue that some of these additions are futile. It is unnecessary to reach that point, because the undue delay of the plaintiff, the repeated failure by the plaintiff to cure deficiencies, the undue prejudice to the defendants, and the bad faith and dilatory motive behind the motion to amend require that the motion be denied.

This case has been pending for more than two years. During the two years, the Court has reviewed more than 200 entries on the docket, considered six different complaints by the plaintiff, decided two rounds of extensive motions to dismiss, and considered about 20 motions filed by the plaintiff, several of which approach the threshold of sanctionable frivolousness. (See, e.g., ECF Nos. 212, 213.) After two years of litigation, discovery still has not begun, and the plaintiff moves to file yet another amended complaint, which would understandably be met with a further motion to dismiss by the defendants. In none of the cases cited by the plaintiff did a court grant a motion to amend for a sixth time after two rounds of dismissal motions and so much delay. That the plaintiff failed to include whatever factual allegations or to assert whatever claims he has against the various defendants in the many opportunities that the Court has afforded him is unjustifiable. It is plain that this motion

to amend the complaint yet again is the product of undue delay and was not made in good faith.

The plaintiff filed this motion to amend while there was a motion to dismiss the FAC pending before the Court. Granting leave to the plaintiff to file a SAC would moot the defendants' motion to dismiss and render wasted the expense of filing that motion. The Court has already granted one leave to the plaintiff to file a Fourth Amended Complaint while a motion to dismiss was pending. To allow the plaintiff to amend the current complaint repeatedly when challenged with a motion to dismiss would promote wasteful motion practice. The defendants would be significantly prejudiced by the plaintiff's tactics. The plaintiff's motion to file a Sixth Amended Complaint is denied.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit.

To the extent specified above, the defendants' motion to dismiss portions of the Fifth Amended Complaint is granted in part and denied in part.

The plaintiff's motion to file a Sixth Amended Complaint is denied.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:**    **New York, New York**
         **July 22, 2016**          _____/s/_____
                             **John G. Koeltl**
                        **United States District Judge**