```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
STEVEN A. WILLIAMS,

                Plaintiff,              14-cv-4390

        - against -                     MEMORANDUM OPINION AND
                                        ORDER
ROSENBLATT SECURITIES, INC., ET AL.,

                Defendants.
───────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

Pro se plaintiff Steven Williams ("Williams") moved to strike Defendants' Answer to the Fifth Amended Complaint ("FAC"). The motion, Docket No. 279, is denied.

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Williams first argues that the Answer is tantamount to a general denial and that the denials contained therein could not have been made in good faith. The Answer is not a general denial, but rather includes responses by numbered paragraph either admitting, denying, or denying knowledge or information sufficient to form a belief regarding each corresponding paragraph of the FAC. See, e.g., Answer to FAC ¶¶ 9-14. Moreover, there is no basis to conclude that the denials were made in bad faith.

Williams next argues that defendants' affirmative defenses should be stricken because they are either unfounded or not affirmative defenses but rather "negative" defenses. "A motion to strike an affirmative defense under Rule 12(f) for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984) (citation and quotation marks omitted), vacated on other grounds, 478 U.S. 1015 (1986). The Court could not determine on this motion to strike that any of the affirmative defenses would be futile as to all of the claims. Therefore, the affirmative defenses should not be stricken on that basis.

Some of the affirmative defenses appear to be negative defenses rather than affirmative ones, which simply means that they are not required to be separately asserted as affirmative defenses. "A defense is not affirmative where it merely negates an element of the plaintiff's prima facie case." Hadar v. Concordia Yacht Builders, Inc., 886 F. Supp. 1082, 1089 (S.D.N.Y. 1995) (quotation marks omitted). Nevertheless, because striking these defenses would not preclude defendants from presenting the same evidence, Williams cannot identify any "prejudicial harm to the plaintiff and the defense[s] need not

be stricken." <u>Cty. Vanlines Inc. v. Experian Info. Sols. Inc.</u>, 205 F.R.D. 148, 153 (S.D.N.Y. 2002)(quotation marks omitted).

The plaintiff also argues that the affirmative defenses have not been pleaded with sufficient specificity, but they are sufficient to put the plaintiff on notice that defendants are asserting such defenses. <u>See</u> <u>Tardif v. City of New York</u>, 302 F.R.D. 31, 33 (S.D.N.Y. 2014) (listing district court cases finding that heightened pleading standard does not apply to affirmative defenses).

The Court has considered all of the arguments raised by Williams. To the extent not specifically addressed, the arguments are either moot or without merit. No response to the motion is required. Accordingly, for the foregoing reasons, the motion to strike is **denied** and the Clerk is directed to close **Docket Number 279.**

**SO ORDERED.**

**Dated:    New York, New York**
**         September 9, 2016**             _____/s/_____
                                            **John G. Koeltl**
                                            **United States District Judge**

3