**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――――――――――
**STEVEN A. WILLIAMS,**

               **Plaintiff,**　　　　　　14-cv-4390

      - against -　　　　　　　　　**MEMORANDUM OPINION AND ORDER**

**ROSENBLATT SECURITIES, INC., ET AL.,**

               **Defendants.**
―――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

    Pro se plaintiff Steven Williams ("Williams") has filed an Objection to Magistrate Judge Freeman's November 23, 2016 Order which denied reconsideration of a November 9, 2016 Order and also made additional rulings. The plaintiff's Objection, ECF No. 334, primarily concerns (1) the refusal of the Magistrate Judge to appoint an independent technical advisor to assist the Court in resolving disputes over the production of electronically stored information ("ESI") and (2) the Magistrate Judge's determination of the manner in which the defendants would be required to produce ESI.

    Because the Objection is directed to non-dispositive matters decided by the Magistrate Judge, namely discovery disputes, it must be overruled unless the ruling of the Magistrate Judge was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving

nondispositive disputes and reversal is appropriate only if their discretion is abused." Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013). To the extent that the plaintiff's Objection is directed at the Magistrate Judge's denial of his request for reconsideration of the November 9, 2016 Order, as opposed to the additional rulings made in the November 23 Order, the plaintiff's burden is even higher. As to the denial of reconsideration, the plaintiff must show that the Magistrate Judge's decision --- that the plaintiff failed to point to controlling decisions or data that the court overlooked which might reasonably be expected to alter the conclusion reached by the court --- was clearly erroneous or contrary to law. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

    The Magistrate Judge's November 23 Order resolved a dispute with respect to the manner of the production by the defendants of ESI. The plaintiff had demanded that all of the production be made in native format. The defendants raised issues with respect to assuring that documents could be produced and used in the litigation without the possibility of tampering. Ultimately, following a conference on November 18, the Magistrate Judge in the November 23 Order accepted the defendants' proposal that all of the documents be produced "in PDF form (with e-mail strings, e-mail attachments, and other separate documents in separate PDF

files),″ and ordered the defendants to make the production available for the plaintiff's inspection on a website, for a period of 60 days, at the defendants' expense, on a specific platform, and in a manner that would enable the plaintiff "to view the metadata associated with the individual documents." November 23 Order, ECF No. 327 pp. 2-3.[1] This resolution by the Magistrate Judge was a reasonable one which satisfied the concerns of all parties, and was certainly not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). It was well within the Magistrate Judge's "broad discretion in resolving" discovery disputes. Thai Lao, 924 F. Supp. 2d at 511 (quotation marks omitted).

    Moreover, to the extent that the plaintiff argues that there are some documents that are critical to his case and will demonstrate the merits of his case, the Magistrate Judge's resolution provides the plaintiff with ample access to those documents. As indicated in the November 23 Order, the production will be made in a manner that "enables [the plaintiff] to view the metadata associated with individual documents." November 23 Order p. 3. The plaintiff can then obtain copies of those documents.

---

[1] The Magistrate Judge further ordered that if, upon review of the production, the plaintiff wished to obtain copies of certain documents, with metadata, the plaintiff would be permitted to request copies of those documents during the 60-day period of web access. See November 23 Order p. 3.

3

In his Objection, the plaintiff argues that the Magistrate Judge's ruling violates Rule 26(b)(1) of the Federal Rules of Civil Procedure, referring specifically to language that states: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." But that language has been removed from Rule 26(b)(1) by the Amendment that became effective on December 1, 2015. It has been replaced by language that states: "Information within this scope of discovery need not be admissible in evidence to be discoverable." The plaintiff also relies on language from Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978), which discusses the broad scope of discovery, but that case interpreted the language of Rule 26(b)(1) that has now been deleted. Oppenheimer therefore cannot provide an accurate guide to the meaning of the current Rule. In any event, this is not a dispute about the scope of discovery. The defendants have not argued that they did not have to make documents available for discovery. Rather, it is a dispute about the format in which the documents would be produced. The plaintiff has not shown that the Magistrate Judge's resolution of that dispute is not a reasonable one.

The plaintiff has also relied on the Court's role as "gatekeeper" under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and the Court's power under Federal Rule of

Evidence 702 to exclude purported expert evidence that is unreliable. But the Magistrate Judge did not rule on the admissibility of expert testimony, and thus those principles are not directly at issue. The Magistrate Judge did consider the evidence from the defendants' ESI consultant, but there has been no showing that this was erroneous and --- putting aside any proffers from the ESI expert from the defendants --- there has been no showing that the Magistrate Judge's ultimate resolution of the discovery dispute was not wholly reasonable.

The plaintiff also objects to the Magistrate Judge's failure to appoint a technical consultant to assist with ESI matters. Whatever the Court's authority to make such an appointment, there was no requirement that the Magistrate Judge appoint such a consultant, and the failure to do so was certainly not an abuse of discretion.

The Court has considered all of the issues raised by the parties. To the extent they are not dealt with explicitly above, they are either moot or without merit. The Objection to the Magistrate Judge's November 23, 2016 Order is **overruled.**

**SO ORDERED.**

**Dated:    New York, New York**
**         February 20, 2017**            \_\_\_\_/s/_____
                                            **John G. Koeltl**
                                    **United States District Judge**